UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JUSTIN PARKER                                              CIVIL ACTION NO.
                                                           3:12-cv-00605-SDD-RLB

VERSUS

SIDNEY J. GAUTREAUX, III, et al.                           JUDGE SHELLY D. DICK

**RULING ON DEFENDANT'S MOTION TO DISMISS**

Before the Court is a *Motion to Dismiss*[1] pursuant to F.R.C.P. 12(b) 6. Defendants, Sergeant Amos Thornton and Deputy Ulysses Thomas, contend that the claims asserted against them should be dismissed pursuant to F.R.C.P. 4(m) for failure of timely service. Plaintiff opposed the motion.[2] For the reasons which follow, the Court finds that Defendant's motion should be DENIED.

I.   **FACTUAL BACKGROUND**

Plaintiff filed suit in the U.S. District Court in the Middle District of Louisiana on September 25, 2012.[3] Plaintiff alleged that multiple East Baton Rouge Parish Sheriff's Deputies attacked and injured him on September 26, 2011.[4] After filing his *Complaint*, the Plaintiff sent waiver letters to all named Defendants on September 28, 2012.[5] The Defendants, Sergeant Amos Thornton and Deputy Ulysses Thomas, were sent Waiver of Service of Summons forms through the East Baton Rouge Parish Sheriff's Office, but were identified only as Sergeant Thomas and Sergeant Thornton.[6]

---

[1] Rec. Doc. 8.
[2] Rec. Doc.10.
[3] Rec. Doc.1.
[4] Rec. Doc.1.
[5] Rec. Doc. 10.
[6] Rec. Doc. 1.

On March 1, 2013, Defendants, Gautreaux, Grimes, and Hyde, issued their *Statement of Initial Disclosures* to Plaintiff's counsel.[7] The Statement identified Sergeant Thornton and Deputy Thomas by full name and rank. Subsequently, Plaintiff sent a second Request for Waiver to these Defendants on March 5, 2012. Attorney J. Christopher Alexander, Sr., ~~also~~ counsel for Defendants, Gautreaux, Grimes, and Hyde, also provided Sergeant Amos Thornton with a copy of the *Complaint* and Waiver request on March 10, 2013.[8] Deputy Ulysses Thomas received the waiver request on April 1, 2013.[9] Neither Thornton nor Thomas executed the waiver. Sergeant Thornton and Deputy Thomas requested this Court dismiss Plaintiff's claims against them for failure to timely serve.[10] Plaintiff moved for leave to amend his *Complaint* to include the full names of Sergeant Thornton and Deputy Thomas.[11] The motion to amend was granted on May 24, 2012 and the *Amended Complaint* was filed.[12]

## II. LAW AND ANALYSIS

Federal Rule of Civil Procedure Rule 4 (m) provides: If a defendant is not served within 120 days after the complaint is filed, the court --on motion or on its own after notice to the plaintiff --must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. Fed. R. Civ. P. 4. "Good cause" is considered to be a fact-intensive analysis under the particular circumstances.[13] In order to show "good cause" a plaintiff must, at a minimum, proffer excusable neglect.[14] Simple inadvertence,

---

[7] Rec. Doc. 10.
[8] Rec. Doc. 8.
[9] Rec. Doc. 8.
[10] Rec. Doc. 8.
[11] Rec. Doc. 9.
[12] Rec. Doc. 11 and 12.
[13] *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir. 1996).
[14] *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993).

mistake of counsel, or ignorance of the rules will not be sufficient.[15] A showing of good faith and some reasonable explanation for not meeting the requisite time period are also necessary to show good cause.[16]

In this case, Defendants, Sergeant Thornton and Deputy Thomas, were not served within the 120 day time limit set forth in F.R.C.P. Rule 4(m). The Plaintiff has shown good cause and good faith for the failure. Waiver of service forms identifying Defendants by last name only were sent to the East Baton Rouge Parish Sheriff's Office within the Rule 4 time delays. Movants were served with the initial request for waiver of service with the *Complaint* but, because of the misnomers, did not complete the forms. After learning the full names and proper ranks of Thomas and Thornton, Plaintiff reissued the waiver requests. The Defendants have not offered any proof as to Plaintiff's failure to show good cause other than to state as much. Therefore, the Plaintiff is entitled to additional time to serve the Defendants.

### III. CONCLUSION

For the reasons set forth above, Defendants' *Motion to Dismiss*[17] for failure to timely serve is DENIED.

Baton Rouge, Louisiana, the 18 day of June, 2013.

*Shelly Dick*
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[15] *Id.*
[16] *McDonald v. United States*, 898 F.2d 466, 467 (5th Cir. 1990).
[17] Rec. Doc. 8.